UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES—GENERAL**

Case No.   CV 16-6221 MWF (JPRx)         Date:  December 20, 2016
Title:     Sally George, et al. v. United States of America, et al.

Present: The Honorable MICHAEL W. FITZGERALD , U.S. DISTRICT JUDGE

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:
Not Present                             Not Present

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

On August 18, 2016, Plaintiffs Sally George and her husband and children initiated this action requesting the Court to require Defendants, including U.S. Citizenship and Immigration Services, to reopen the agency's decision denying Plaintiff adjustment of status.  (*See generally* Complaint (Docket No. 1)).  Plaintiffs served Defendants on August 18, 2016.  (*See* Proof of Service (Docket No. 1-1).  On November 10, 2016, the Court issued an Order to Show Cause ("OSC") for lack of prosecution, directing Plaintiff to file an application for entry of default, pursuant to Federal Rule of Civil Procedure 55(a), no later than December 5, 2016.  (Docket No. 14).  Plaintiff has failed to do so.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   CV 16-6221 MWF (JPRx) | Date:  December 20, 2016 |
| Title:      Sally George, et al. v. United States of America, et al. | |

on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

The first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal.  Plaintiffs have delayed in prosecuting this action and have disregarded the Court's explicit instructions set forth in the OSC.  Plaintiffs' conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiffs do not intend to litigate diligently.

The third factor — prejudice to Defendants — also weighs in favor of dismissal.  A rebuttable presumption of prejudice arises when there is a failure to prosecute the action.  *Eisen*, 31 F.3d at 1452–53.  That presumption may be rebutted where a plaintiff proffers an excuse for delay.  Plaintiffs have failed to come forward with any excuse or reason for delay.

The fourth factor — public policy in favor of deciding cases on their merits — weighs against dismissal.  It is Plaintiffs' responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co*., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiffs have failed to discharge their responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiffs' failure to prosecute.

The fifth factor — availability of less drastic sanctions — weighs in favor of dismissal.  The Court has attempted to avoid outright dismissal by issuing the OSC and providing Plaintiffs an opportunity to explain why this matter should proceed despite significant delay.  Plaintiffs have not complied with the OSC and ignored the Court's explicit warning that "[f]ailure to respond . . . will result in dismissal of this action."  (OSC at 1); *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.  CV 16-6221 MWF (JPRx)        Date:  December 20, 2016
Title:      Sally George, et al. v. United States of America, et al.

Taking all of the above factors into account, dismissal for failure to prosecute and failure to comply with the OSC is appropriate.

**IT IS HEREBY ORDERED** that this action be **DISMISSED** *without prejudice*.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.